MILLSTONE GRANITE CO. *v.* DOLAN.

(*Superior Court of New York City, General Term.* May 2, 1892.)

SUPPLYING BUILDING MATERIALS—CONSTRUCTION OF CONTRACT.

Plaintiff, a granite company, agreed that it would work for the 22d Armory building "on trucks agreeably to the drawings and specifications made by L., architect, * * * and hereto annexed," would provide all proper and sufficient material for "finishing all the granite work for specification and plan figured on at the office of this company." *Held*, that the contract did not require plaintiff to furnish all the granite work shown by the architect's drawings, but only such as was described in the specifications and plan figured on at the office of the company.

Appeal from judgment on report of referee.

Action by the Millstone Granite Company against James F. Dolan. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*Early & Prendergast,* for appellant. *Frank Bergen* and *Henry G. Atwater,* for respondent.

PER CURIAM. The action is for the price of granite worked, sold, and delivered by plaintiff to defendant. A construction of the written contract will decide the dispute between the parties. By that the plaintiff agreed that they would work for the 22d Armory building "on trucks agreeably to the drawings and specifications made by John P. Lee, architect, and signed by the said parties, and hereto annexed, in a good, substantial, and workmanlike manner, to the satisfaction and under the direction of the said John P. Lee; and also shall and will find and provide such good, proper, and sufficient materials of all kind whatsoever as shall be proper and sufficient for the completing and finishing all the granite work for specification and plan figured on at the office of this company at Millstone Point, at this date, of said building mentioned in the specification, for the sum of $12,050." The appellant contends that for the price named the plaintiff was to furnish all the granite work disclosed by the drawings and specifications of John P. Lee, architect. This is not correct, for, by the contract, work upon the granite is to be done in ac-

cordance with such plans and specifications, but the granite work to be furnished was such as was described in specifications and plans figured on at the office of the company. In fact, there had been such specifications and plans figured on at the office, and they were not the same as the drawings and specifications of Lee, being but a part of the latter. The figuring was upon four sheets of paper. The evidence in the case sustains this construction of the contract, and shows its reasonableness. There was in the contract made a reference to extra work. When the granite had been partly delivered, the defendant agreed in writing "to pay for all extra overwork that has not been called for in plans and specifications left at your office Feb. 15, 1889, at time of making contract," etc. The plaintiff fulfilled the contract to furnish granite, according to the specifications figured, and also furnished other granite work at request of defendant. The defendant contested plaintiff's right to recover this extra granite on the ground that the granite work was called for by the plans and specifications of John Lee. We have construed the contract otherwise. The plaintiff was entitled to recover upon the balance due under the contract and for the extra work. Judgment affirmed, with costs.

All concur.